IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RONALD M. HERDER,                          :
                                           :
         Plaintiff                         :
                                           :      CIVIL NO. 1:CV-09-2470
      vs.                                  :
                                           :      (Judge Caldwell)
MR. BIESH, *et al.*,                       :
                                           :
         Defendants                        :


*M E M O R A N D U M*


I.     *Introduction*

         The pro se plaintiff, Ronald M. Herder, formerly an inmate at the Huntingdon

State Correctional Institution (SCI-Huntingdon), in Huntingdon, Pennsylvania, filed this civil

rights action alleging defendants were deliberately indifferent to his serious medical needs

after a weightlifting machine fell on his back.  He also claims he was retaliated against by

being mis-diagnosed and given medication that caused him to be violently ill after he filed

grievances complaining about inadequate medical care.  As relief, Herder seeks an

injunction in the form of "medical care from an unbiased medical practitioner so that his

serious medical needs would be diagnosed."  (Doc. 1 Compl.)

         Some of the defendants are employed by the Department of Corrections

(DOC): the SCI-Huntingdon Medical Department; Superintendent Lawler; Deputy

Superintendent Fisher; Classification Program Manager Corban; Corrections Health Care

Administrator (CHCA) Showalter; Mr. Biesh and Lt. Lechner.  Two other defendants are

contract medical-care professionals who work at SCI-Huntingdon: Dr. Shoaf; and Physician Assistant (PA) Poland.[1]

Presently before the court are the defendants' separate motions to dismiss. The DOC defendants' motion to dismiss is based on Eleventh Amendment immunity, lack of personal involvement and failure to state a retaliation claim. The medical defendants' motion to dismiss is based on Plaintiff's claim being moot as he is now released from prison and only seeks injunctive relief.

Herder filed a brief in opposition to the DOC defendants' motion to dismiss (doc. 37) but did not file any opposition to the medical defendants' motion to dismiss. Nonetheless, the court will address the medical defendants' motion to dismiss on the merits. For the following reasons, both motions will be granted as Herder's release from DOC custody moots his sole request for relief, an injunction.

II. *Background*

Plaintiff alleges the following. On May 11, 2009, while in SCI-Huntingdon's exercise yard, a tower cable cross-over weight machine tipped over, landing on his spine. Doc. 1, Compl. He alleges that members of the Activities Department failed to properly secure the unit to the ground and that he suffered nerve damage which the medical staff refused to treat. He also alleges that medical staff retaliated against him on July 5, 2009,

---

[1] The contract medical defendants will collectively referred to as the "medical defendants".

when they "mis-medicated" him by giving him "allergy medication" which made his heart race. *Id.* at p. 2 and p. 10.[2]

Two days later, he was seen by the medical staff, and continued to be seen "though out the month of July." *Id.* at p. 10. He believes he was given "poison" in retaliation for filing grievances. *Id.* As a result of the July 5 incident, he started taking anxiety medication to treat his heart condition. *Id.* at p. 11. Since then he has had "numerous e.k.g.'s stool and urine samples, and a blood tests (sic)." *Id.* Dr. Shoaf is aware of Herder's complaints as he has "filed numerous grievances on the medical department here for Mal-practice (sic), and various grievances on the activities department for negligence." *Id.*

He also alleges that "well past 2:00 a.m." on July 20, 2009, a non-defendant corrections officer "slipped [him] a white state envelope which contained two pink pills, along with two wax paper bags filled with [a] white powdery substance." *Id.* at p. 12. Herder "did not ingest the concoction." *Id.* at p. 13. After supplying Lt. Lechner with a written statement as to these events, Herder was issued a misconduct by the Lieutenant for lying to a staff member. *Id.* at p. 13. Herder, upset that Lt. Lechner believed the officer over him, asked Lt. Lechner "what he wanted from [him]. He said don't file any more grievances and don't file a lawsuit." *Id.* Fearful for his well being, Herder felt he "had no choice but to aggree (sic) with the [proposal] the Lutennint [sic] offered even though [he]

---

  ² Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

knew what [Lt. Lechner] was doing was wrong." *Id.* Herder avers Lt. Lechner threatened to kill him or ensure he "would not make parole" if he continued to file lawsuits and grievances. *Id.* at p. 2.

As relief, Herder seeks to be treated by "an unbiased medical practitioner." *Id.* On July 21, 2010, Herder was paroled from SCI-Huntingdon. Doc. 45, Notice of Change of Address. Herder is no longer in DOC custody. *See* DOC Inmate Locator, available at http://inmatelocator.cor.state.pa.us/inmatelocatorweb.

III. *Standard of Review*

On a motion to dismiss, this court must "accept all factual allegations as true, construe the complaint in the light most favorable to the [plaintiff], and determine whether, under any reasonable reading of the complaint, the [plaintiff] may be entitled to relief.'" *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010)(quoted case omitted).

IV. *Discussion*

The medical defendants assert that Herder's complaint, which seeks only injunctive relief against all defendants, is now moot because he was released from DOC custody on July 21, 2010. Doc. 51, Med Defs.' Mot. to Dismiss; Doc. 45, Notice of Change of Address.

A case or controversy must exist throughout all stages of litigation. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). It is possible for

-4-

events subsequent to the filing of the complaint to make a request for injunctive relief moot. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot*." Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690 (3d Cir. 1996). Where a plaintiff seeks injunctive relief against prison officials whose control he is no longer subject to or against a prison he is no longer housed in, there is no longer a live controversy and a court cannot grant that injunctive relief. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 197 (3d Cir. 1993). The only relief Herder seeks in this case is a consultation with and evaluation by an unbiased physician. His release on parole from DOC custody moots this request as the DOC no longer has custody or control over him. While it is possible that Herder could at some point in the future return to DOC custody, the mere possibility of that occurring is too speculative to overcome the mootness of his claim. *Abdul-Akbar*, 4 F.3d at 207.

As the granting of the medical defendants' motion to dismiss on the basis of mootness completely resolves this case, there is no need for the court to address the arguments raised in the DOC defendants' motion to dismiss, and the latter's motion will be granted on the basis of mootness as well.

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 9, 2011

-5-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD M. HERDER,                          :
                                           :
          Plaintiff                        :
                                           :          CIVIL NO. 1:CV-09-2470
     vs.                                   :
                                           :          (Judge Caldwell)
MR. BIESH, *et al.*,                       :
                                           :
          Defendants                       :

## *O R D E R*

AND NOW, this 9th day of March, 2011, in accordance with the

accompanying Memorandum, it is ordered that:

     1. The Medical Defendants' (Dr. Shoaf and PA Poland) Motion
to Dismiss (doc. 49) is granted.

     2.  The DOC Defendants' (Biesh, Corban, Fisher, Lawler,
Lechner, Showalter, and the SCI-Huntingdon Medical
Department) Motion to Dismiss (doc. 18) is granted.

     3.  The Clerk of Court shall close this file.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge